UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE CAMPBELL,

                Petitioner,

-against-

WARDEN BALTAZAR, F.C.I. OTISVILLE,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2020

1:16-cv-05920 (MKV)

OPINION AND ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Pro se Petitioner George Campbell filed a petition for a writ habeas corpus in July 2016 [ECF #1] (the "Petition") seeking an order that he is entitled to credits against his sentence for good conduct pursuant to 28 U.S.C. § 3624(b). The Government responded thereafter [ECF #6] and Mr. Campbell filed a reply [ECF #11]. This case was reassigned to me in February 2020.

      Mr. Campbell's incarceration stems from a 1999 conviction for robbery, conspiracy to commit robbery, and use of weapon during the commission of a violent felony, for which he was sentenced to a term of 150 years in prison. *See* Amended Judgment, *United States v. George Campbell*, Case No. 91-cr-01219 (RJD), ECF No. 644 (E.D.N.Y. May 15, 2003) (hereinafter, "Campbell Judgment").[1] This Petition is at least the sixth collateral attack on that judgment that Mr. Campbell has filed in either this district or in the Eastern District of New York, each of which has been denied or dismissed. *See Campbell v. United States*, No 12-cv-00716 (JMF) (AJP), 2012 WL 3024001 (S.D.N.Y. July 24, 2012); *Campbell v. United States*, No. 05-cv-04442 (RJD), 2009 WL 890556 (E.D.N.Y. Mar. 31, 2009); *see also* ECF #3, *Campbell v. United States*,

---

[1] Mr. Campbell's sentence was originally stated in a Judgment dated July 26, 2000. *See* Judgment, *United States v. George Campbell*, Case No. 91-cr-01219 (RJD), ECF No. 594. However, on appeal, the Second Circuit affirmed Mr. Campbell's conviction, but remanded the case to the district court due to "flaws in the calculation and transcription of the sentence." *See United States v. Campbell*, 300 F.3d 202, 205, 213-14 (2d Cir. 2002). The Amended Judgment issued shortly thereafter. The Second Circuit affirmed the conviction and sentence in the Amended Judgment. *See United States v. Campbell*, 88 F. App'x. 466, 468 (2d Cir. 2004).

Case No. 11-cv-04929 (RJD) (E.D.N.Y. Jan. 23, 2012); ECF #3, *Campbell v. United States*, Case No. 12-cv-3798 (RJD) (E.D.N.Y. Jan. 15, 2013); ECF #4, *Campbell v. United States*, Case No. 14-cv-02943 (RJD) (E.D.N.Y. Oct. 10, 2014).

Mr. Campbell's sentence is somewhat unique. As a result of an extradition treaty between the United States and Costa Rica, the country from which Mr. Campbell was extradited for trial in 1996, he may legally serve only 50 years in prison. *See* Campbell Judgment at 9-10. In the judgment, the court wrote: "[P]ursuant to the extradition agreement between Costa Rica and the United States and the assurances made by the United Stated pursuant to an Order issued by the Honorable Denis R. Hurley, United States District Judge, Eastern District of New York, on January 24, 1997, which mandate that the defendant serve a period of incarceration not greater than 50 years, the Court hereby orders the Bureau of Prisons to release the defendant after he serves a term of incarceration of 50 years." *See* Campbell Judgment at 10. The Second Circuit specifically affirmed the propriety of this sentence scheme, which appeared in both the original and Amended Judgments. *See Campbell*, 300 F.3d at 211-12; *Campbell*, 88 F. App'x. at 467-68.

The judgment that was affirmed by the Second Circuit further specified that "the defendant shall be released after he serves a period of incarceration not greater than 50 years as established by the extradition agreement between the United States and Costa Rica, with no adjustments for good conduct time, or the 150 year sentence, with adjustments for good conduct time, which ever is earlier." *See* Campbell Judgment at 10. This sentence mechanism was affirmed by the Second Circuit. *See Campbell*, 300 F.3d at 211-12. Mr. Campbell subsequently filed unsuccessful habeas petitions challenging the terms of his sentences.

Mr. Campbell filed the present Petition pursuant to 28 U.S.C. § 2241 and not under 28 U.S.C. § 2255. *See* Petition at 1, 3. However, a section 2241 petition is not the correct

mechanism for consideration of his claims.  "[S]ection 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence.  Section 2241 by contrast is the proper means to challenge the *execution* of a sentence."  *Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004) (internal citation omitted) (emphasis in original).  "Execution" issues subject to review under section 2241 are matters that are in the discretion or control of the Bureau of Prisons, U.S. Probation Office, or other executive branch personnel, such as administration of parole, prison discipline, transfer between facilities, or prison conditions.  *Id.* at 135.  Any questions about "legal defects affecting the district court's imposition of a sentence" are instead appropriately brought pursuant to 28 U.S.C. § 2255.  *See Fisher v. Hudson*, 665 F. App'x 59, 61 (2d Cir. 2016).

Here, Mr. Campbell seeks an order that would allow him to accumulate good conduct time credits against his 50-year term of incarceration.  The judgment in his criminal case specifically stated that he is not entitled to such credits, and the Bureau of Prisons does not have discretion to disregard that portion of the judgment.  Thus, the issue Mr. Campbell raises here is not an issue of "execution," but, instead, is another collateral attack on the conviction and sentence itself.  Under Section 2241 then, the Petition fails.  Instead, the Court will construe the Petition as one under 28 U.S.C. § 2255.[2]

A district court does not have jurisdiction to review, in the first instance, a Section 2255 petition that is the "second or successive" petition a prisoner has filed under that section.  *See* 28

---

[2] This is also not one of the limited circumstances where Section 2241 may be used to question the imposition of the sentence.  The Second Circuit has stated that Section 2241 may be used for legal challenges to a sentence "where section 2255 is inadequate or ineffective to challenge [the] detention."  *Adams*, 372 F.3d at 135.  However, Section 2255 is not inadequate simply because the requirements for securing review are harder to meet, "so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition."  *Id.*  Here, since the arguments made in the Petition were subject to appeal in both of Mr. Campbell's appeals to the Second Circuit, and also were raised explicitly in some of his previous habeas petitions, Section 2255 relief is not inadequate here.

U.S.C. 2255(h); *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003).  Instead, a district court must certify such a case to the Court of Appeals for a determination as to whether the petition raises "newly discovered evidence" or a "new rule of constitutional law" that warrants review of the second or successive petition.  *See* 28 U.S.C. 2255(h).

While this Court's inquiry may end there, it is apparent that Mr. Campbell's Petition does not raise newly discovered evidence or any new rules of constitutional law.  Instead, the Petition simply raises the same argument that Mr. Campbell raised in his previous habeas petitions and were, or at least could have been, the subject of two prior direct appeals to the Second Circuit.  *Cf. Campbell v. United States*, No. 12-cv-0716 (JMP) (AJP), 2012 WL 2601938, at *2 (S.D.N.Y. July 5, 2012) (noting petitioner's claim that he wrongly has been denied good conduct time credits), *report and recommendation adopted*, 2012 WL 3024001 (July 24, 2012).

Nonetheless, because the Court is without jurisdiction to consider the merits of the Petition now, the Clerk is directed to transfer this case to the Second Circuit for its consideration under 28 U.S.C. 2255(h).  While the Petition is labeled as one pursuant to Section 2241, it should be construed as a second or successive request under Section 2255.

The Court will mail a copy of this decision to the Petitioner.

SO ORDERED.

Dated: June 5, 2020  
New York, New York

_____  
Hon. Mary Kay Vyskocil  
United States District Judge